In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Mark G. PIERQUET, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark G. PIERQUET, Respondent.

Supreme Court

*No. 2006AP2215–D. Decided May 30, 2007.*

2007 WI 64

(Also reported in 732 N.W.2d 423.)

¶ 1. PER CURIAM. Attorney Mark G. Pierquet has filed a petition for consensual license revocation

pursuant to SCR 22.19[1] stating that he cannot success-
fully defend against 32 counts of professional miscon-
duct charged in a pending disciplinary action as well as
other allegations of misconduct currently under inves-
tigation.

¶ 2. Attorney Pierquet was admitted to practice
law in Wisconsin in 2001 and practiced in Menasha. In
2005 he was publicly reprimanded for failing to reduce a
contingent fee agreement to writing; failing to act with
reasonable diligence and promptness in representing a
client; engaging in conduct involving dishonesty, fraud,
deceit or misrepresentation; and failing to abide by a
client's decision concerning the objectives of a represen-
tation and failing to consult with the client. In addition
to the public reprimand, Attorney Pierquet was ordered
to continue medical treatment, comply with all treat-
ment recommendations, and biannually provide full
medical treatment records for two years following the
date of this court's order. *See In re Disciplinary Proceed-
ings Against Pierquet,* 2005 WI 147, 286 Wis. 2d 87, 705
N.W.2d 90.

¶ 3. On July 25, 2006, this court temporarily
suspended Attorney Pierquet's license based on his

---

[1] SCR 22.19 states in relevant part: Petition for consen-
sual license revocation.

(1) An attorney who is the subject of an investigation for
possible misconduct or the respondent in a proceeding may file
with the supreme court a petition for the revocation by consent
or his or her license to practice law.

(2) The petition shall state that the petitioner cannot
successfully defend against the allegations of misconduct.

. . . .

(5) The supreme court shall grant the petition and revoke the
petitioner's license to practice law or deny the petition and remand
the matter to the director or to the referee for further proceedings.

failure to comply with the conditions imposed on his practice of law and also for his willful failure to respond or cooperate in pending Office of Lawyer Regulation (OLR) grievance investigations. His license remains suspended.

¶ 4. The 32 counts of misconduct arise from 12 client matters. Counts 1 and 2 involve the failure to provide competent representation to a client, contrary to SCR 20:1.1[2] and failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2)[3] and SCR 22.03(6),[4] actionable pursuant to SCR 20:8.4(f).[5]

---

[2] SCR 20:1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[3] SCR 22.03(2) provides: Investigation.

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[4] SCR 22.03(6) provides: Investigation. "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[5] SCR 20.8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

60

¶ 5. Counts 3 and 4 involve failing to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding representation, in violation of SCR 20:1.4(b)[6] and willfully failing to cooperate with the OLR, in violation of SCR 21.15(4).[7] Count 5 also involves failing to disclose all facts and circumstances pertaining to alleged misconduct.

¶ 6. Counts 6—9 involve failing to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3;[8] failing to keep a client reasonably informed about the status of a matter, in violation of SCR 20:1.4(a);[9] failing to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation, in violation of SCR 20:1.16(d);[10] and willfully failing to cooperate with the OLR.

---

[6] SCR 20:1.4(b) provides the "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[7] SCR 21.15(4) provides that "[e]very attorney shall cooperate with the office of lawyer regulation in the investigation, prosecution and disposition of grievances, complaints filed with or by the director, and petitions for reinstatement. An attorney's wilful failure to cooperate with the office of lawyer regulation constitutes violation of the rules of professional conduct for attorneys."

[8] SCR 20:1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[9] SCR 20:1.4(a) provides that "[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[10] SCR 20:1.16(d) provides: Declining or terminating representation.

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's

61

¶ 7. Counts 10—13 involve failing to reduce a contingent fee agreement to writing, in violation of SCR 20:1.5(c);[11] failing to abide by his client's decisions concerning the objectives of representation, failing to consult with his client as to the means by which they are to be pursued, and failing to inform his client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement, in violation of SCR 20:1.2(a);[12] failing to take steps to the extent

interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[11] SCR 20:1.5(c) provides: Fees.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

[12] SCR 20:1.2(a) provides: Scope of representation.

(a) A lawyer shall abide by a client's decisions concerning the objectives of representation, subject to paragraphs (c), (d) and (e), and shall consult with the client as to the means by which they are to be pursued. A lawyer shall inform a client of all offers of settlement and abide by a client's decision whether to accept an offer of settlement of a matter. In a criminal case or any proceeding that could result in deprivation of liberty, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.

reasonably practicable to protect a client's interests upon termination of representation, in violation of SCR 20:1.16(d); and willfully failing to cooperate with the OLR.

¶ 8. Counts 14—16 involve failing to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3; failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a); and willfully failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f). Count 17 involves willfully failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

¶ 9. Counts 18—21 involve failing to communicate the basis or rate of the fee to his client, before or within a reasonable time after commencing the representation, in violation of SCR 20:1.5(b);[13] failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a); failing to take steps to the extent reasonably practicable to protect a client's interests upon termination of the representation, in violation of SCR 20:1.16(d); and willfully failing to disclose all facts and circumstances pertaining

[13] SCR 20:1.5(b) provides that "[w]hen the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation."

to alleged misconduct, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

¶ 10. Counts 22 and 23 involve failing to take appropriate steps to protect a client's interests upon termination of the representation, in violation of SCR 20:1.16(d); and willfully failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

¶ 11. Counts 24—27 involve failing to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3; failing to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information, in violation of SCR 20:1.4(a); failing to deposit a client's monies in an identifiable trust account, in violation of SCR 20:1.15(b)(1);[14] and willfully failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

¶ 12. Counts 28 and 29 involve failing to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation, in violation of SCR 20:1.16(d); and willfully failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2), actionable pursuant to SCR 20:8.4(f).

---

[14] SCR 20:1.15(b)(1) provides: Segregation of trust property.

(1) Separate account. A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and 3rd parties that is in the lawyer's possession in connection with a representation. All funds of clients and 3rd parties paid to a lawyer or law firm in connection with a representation shall be deposited in one or more identifiable trust accounts.

¶ 13. Counts 30—32 involve failing to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3; failing to take steps to the extent reasonably practicable to protect a client's interests upon termination of representation, in violation of SCR 20:1.16(d); and willfully failing to cooperate with the OLR, in violation of SCR 21.15(4), as well as failing to disclose all facts and circumstances pertaining to alleged misconduct, in violation of SCR 22.03(2) and SCR 22.03(6), actionable pursuant to SCR 20:8.4(f).

¶ 14. Ten additional grievances are under investigation.

¶ 15. In response to this court's order to show cause, the OLR recommends that Attorney Pierquet be ordered to repay the State Bar of Wisconsin Lawyers' Fund for Client Protection $14,447.47, and that he be ordered to make restitution of $250 to L.C. and $50 to D.G.

¶ 16. Attorney Pierquet submits under SCR 22.19(2) that he cannot successfully defend against the allegations of either the pending disciplinary proceeding or the grievances currently under investigation. He states that he has carefully considered his options; that he is freely, voluntarily and knowingly filing the petition for consensual license revocation; and that he knows he is giving up his right to a public hearing as well as his right to contest each misconduct allegation.

¶ 17. IT IS ORDERED that the license of Mark G. Pierquet to practice law in Wisconsin is revoked effective the date of this order.

¶ 18. IT IS FURTHER ORDERED that Mark G. Pierquet shall comply with the provisions of SCR 22.26 concerning the duties of an attorney whose license to practice law have been revoked, to the extent he has not already done so.

¶ 19. IT IS FURTHER ORDERED that within 60 days of the date of this order Mark G. Pierquet shall pay the State Bar of Wisconsin Lawyers' Fund for Client Protection $14,447.47 and shall further make restitution of $250 to L.C. and $50 to D.G.